# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Infinity Business Group, Inc.,<br><br>Debtor(s). | C/A No. 10-06335-JW<br><br>Adv. Pro. No. 12-80208-JW<br><br>Chapter 7 |
| Robert F Anderson, as Chapter 7 Trustee,<br><br>Plaintiff(s),<br><br>v.<br><br>Keith E. Meyers; Cordell L.L.C.; The Cordell Group L.L.C.; Gibson Commons L.L.C.; Bryon K Sturgill; John F Blevins; Golden Ghost, Inc.; Haines H. Hargrett; Donald Brent Grafton; D. Larry Grafton; Grafton and Company, P.L.L.C.; Morgan Keegan & Company, Inc.; Law Offices of John F. Blevins, LLC; O. Bradshaw Cordell; Wade Cordell; Sturgill & Associates Inc.; Morgan Keegan & Associates, LLC,<br><br>Defendant(s). | **ORDER** |

This matter comes before the Court upon the motions to exclude expert testimony filed by Morgan Keegan & Company, Inc. and Keith E. Meyers ("MK Defendants") on October 30, 2017 and by Robert F. Anderson, as Chapter 7 Trustee ("Trustee") on October 31, 2017. MK Defendants' motion seeks to exclude the testimony of the Trustee's expert witnesses, George Durant and John Freeman. The Trustee's motion seeks to exclude the testimony of MK Defendant's expert witness Howard A. Zandman.

Both motions are brought pursuant to Fed. R. Evid. 702 and the United States Supreme Court's holdings in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Rule 702 of the Federal Rules of Evidence provides that

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In Daubert, the United States Supreme Court, in interpreting Rule 702, held that the judge has a gatekeeping role between the trier of fact and expert evidence to "[ensure] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert, 509 U.S. at 597, 113 S.Ct. 2786. "Relevant evidence, of course, is evidence that helps 'the trier of fact to understand the evidence or to determine a fact in issue.'" Nease v. Ford Motor Co., 848 F.3d 219, 229 (4th Cir. 2017) (quoting Daubert, 509 U.S. at 591, 113 S.Ct. 2786). "With respect to reliability, the district court must ensure that the proffered expert opinion is 'based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods. Nease, 848 F.3d. at 229 (quoting Oglseby v. Gen. Motors Corp., 190 F.3d 244, 250 (4th Cir. 1999)). In Kumho Tire Co. v. Carmichael, 529 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d. 238 (1999), the United States Supreme Court held that the Court's gatekeeping role applies not only to scientific expert evidence, but all expert evidence.

The Court notes that this case is a bench trial in which the judge is also serving as the trier of fact.[1] When a bench trial is conducted, the gatekeeping role of the Court under Daubert is less critical. Further, the Court finds the reasoning of the District of South Carolina opinion in Bishop of Charleston v. Century Indemnity Company, 225 F.Supp.3d 554 (D.S.C. 2016) to be instructive in the present matter:

> However, "[t]he gatekeeping function of the court is relaxed where a bench trial is to be conducted, as in this case, because the court is better equipped than a jury to weigh the probative value of expert evidence." Traxys N. Am., LLC v. Concept Mining, Inc., 808 F.Supp.2d 851, 853 (W.D. Va. 2011). "The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial," Deal v. Hamilton Cnty. Bd. of Educ., 392 F.3d 840, 852 (6th Cir. 2004), because "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself," United States v. Brown, 415 F.3d 1257, 1269 (11th Cir. 2005).
>
> . . . "The main purpose of Daubert exclusion is to protect juries from being swayed by dubious scientific testimony." In re Zurn Pex Plumbing Prod. Liab. Litig., 644 F.3d 604, 613 (8th Cir. 2011). In this case, there will be no jury to sway.

Bishop of Charleston v. Century Indem. Co., 225 F.Supp.3d 554, 567 (D.S.C. 2016).

In the present case, the parties have raised a number of issues relating to the opposing party's expert evidence, including the qualifications of the experts to testify on the subject matter to be presented, the quality of the facts and data the experts are relying on and the appropriateness of the experts' methodology. However, as this matter is a bench trial, the issues can be better addressed by the Court during the trial rather than through a pre-trial determination. "A court sitting as a trier of fact frequently will allow the testimony to be heard,

---

[1] Neither the Trustee or the MK Defendants have demanded a jury trial in accordance with Fed. R. Civ. P. 38 as made applicable to this proceeding under Fed. R. Bankr. P. 9015. As the deadline to file such a demand under Fed R. Civ. P. 38 has passed, the parties have waived their right to a jury trial. See McCarthy v. Bronson, 906 F.2d 835, 840 (2d Cir. 1990), aff'd 500 U.S. 136, 111 S. Ct. 1737, 114 L.Ed.2d 194 (1991) (holding that the "last pleading" in Rule 38, which serves as the deadline to request a jury trial, usually means an answer or reply to a counterclaim).

then will disregard that evidence which is inadmissible or unpersuasive." Berry v. Sch. Dist. of City of Benton Harbor, 195 F.Supp.2d 971, 977 n.3 (W.D. Mich. 2002). The Court is in the best position to weigh the probative value of each expert's testimony, and there are no concerns that a jury will be inappropriately swayed by the experts' testimony. Further, the parties will have ample opportunity to call into question the reliability, relevance and credibility of the opposing party's experts at trial through cross-examination and the presentation of contrary evidence. See Daubert, 509 U.S. at 595, 113 S.Ct. 2786 (noting that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence").

Therefore, for these reasons, the Court hereby denies the parties' motions to exclude expert testimony at this pretrial stage.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
February 8, 2018

**FILED BY THE COURT**
**02/08/2018**



*signature*

US Bankruptcy Judge
District of South Carolina

Entered: 02/08/2018

4