## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Infinity Business Group, Inc.,<br><br>        Debtor. | **Bankruptcy Case No. 10:06335-jw** |
| Robert F. Anderson, as Chapter 7<br><br>TRUSTEE FOR INFINITY BUSINESS GROUP, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>MORGAN KEEGAN & COMPANY, INC., KEITH E. MEYERS, et al.<br><br>        Defendants. | **Adv. Proc. No. 12-80208-jw** |

## MOTION TO STRIKE

Defendants Morgan Keegan & Company, Inc. and Keith E. Meyers (collectively "MK Defendants") hereby move this Court for relief to address the unfair prejudice resulting from the conduct by the Trustee for Infinity Business Group, Inc., and his counsel, Anderson & Associates, P.A. and Willoughby & Hoefer, P.A., relating to the Trustee's submission of his proposed findings of fact and conclusions of law in willful violation of this Court's Orders.[1]

---

[1] MK Defendants have captioned this request for relief as a Motion to Strike, while recognizing that the proposed orders are not pleadings on the record. If the Court deems this is not the correct procedural mechanism, MK Defendants ask that the Court construe this request as a motion for other relief as deemed proper by the Court.

MK Defendants note that they may have further objections to the final version of the Trustee's proposed order, subject to the relief sought herein. However, MK Defendants do not wish to waste the Court's time considering any objections as to content that may not ultimately be before the Court for consideration. Once the Court has ruled on this motion, MK Defendants will present their objections, to the extent any exist, in a prompt and organized fashion.

1

PPAB 4394312v1

On August 13, 2018, the Trustee's counsel submitted three separate submissions—two of which were submitted late and one was provided as an improper *ex parte* communication. A fourth submission followed on August 14, 2018. The Trustee represents that this fourth, late-filed submission is the correct order for the Court's review, and all prior submissions should be deleted. Each of these proposed submissions grossly exceeded the Court's explicit page limitation by manipulating the document, contrary to the orders and instructions of this Court.

First, the body of the August 14 "final order" exceeds the page limitation, without consideration of its improper formatting and inclusion of an appendix, notwithstanding the fact that the Trustee's request for additional pages was outright denied by the Court just days before the deadline. Second, the Trustee ignored the Court's instructions to include citations within the body of the proposed order (within the page limitation imposed by the court) and instead improperly affixes *over one thousand* endnotes to his proposed order in a blatant attempt to game the system and grant itself additional pages the Court denied providing. These endnotes contain references to the record, as well as substantive argument. Finally, the Trustee disregards conventional formatting in a failed attempt to minimize the glaring violations of the Court's directives. The Trustee's efforts to game the system are a clear attempt at an end run around the Court's prior orders regarding the length of the submission. The Trustee's conduct not only violates the Court's prior orders regarding the submission, but it also unfairly prejudices MK Defendants.

Relief is necessary to alleviate the prejudice against MK Defendants and address the Trustee's continued disregard for this Court's orders. Accordingly, MK Defendants request the Court dismiss this adversary proceeding. As discussed below, this relief is more than appropriate in light of the Trustee's continued violations of the Court's orders throughout this matter. In the

2

alternative, MK Defendants request that the Court disregard the Trustee's submissions or at the least not consider any citations or arguments made by the Trustee beyond those contained in the first 100 pages of what the Trustee has represented is the final version of his proposed order, once the endnotes have been converted to footnotes and the spacing and font reductions have been corrected.  MK Defendants also request the Court impose monetary sanctions in the form of attorneys' fees to MK Defendants and whatever further relief it deems appropriate.

**Background**

The Court has made abundantly clear, on numerous occasions, that the parties were to submit their proposed orders "of no longer than 100 pages in length" by the deadline of 5:00 PM EST on August 13, 2018.  First, the Court set the 100-page limit on the last day of trial, accepting the Trustee's own proposal for the necessary number of pages:

| | |
|---|---|
| MR. WILLOUGHBY: | So we don't think we need to exceed 100 pages. We might be able to do it with 80. |
| THE COURT: | Okay. |
| MR. WILLOUGHBY: | But if Your Honor is comfortable with 100, we will certainly make it within 100 pages. |
| THE COURT: | Okay.  That's what we'll say for today. |
| MR. POLK: | I'm not sure.  Is it 80 or 100? |
| THE COURT: | 100 pages. |

Transcript of May 22 Hearing, 126:6–14 (excerpt attached hereto as Exhibit A).

Next, the page limit was again reinforced in the Court's Order Denying the Trustee's Motion for Directed Verdict, entered on May 29, 2018.  ECF No. 974.  Again, the Court was clear: "these proposed orders should be limited to 100 pages in length," but the Court acknowledged that if this page limit was insufficient to allow counsel to address all necessary matters, "counsel for the parties may seek a reconsideration of the 100-page limit." *Id*. at 3–4.

The Trustee made no request for additional pages for ten weeks while the parties worked

PPAB 4394312v1

on their respective proposed orders.[2]  Then, on Thursday, August 9, 2018, just four days shy of the deadline, the Trustee – for the first time – requested that "the page limit be extended to 135 pages."  The Court was firm in its response of that same day:  no extension would be granted.[3]  The Court's law clerk made clear in his email delivering the Court's response that the parties' submissions were not to exceed the 100-page limitation:

> The Court has been clear of the length requirements . . . since the close of trial as addressed in the May 29, 2018 order and the text order entered on July 3, 2018.  Therefore, the parties are expected to submit their proposed orders **(of no longer than 100 pages in length)** by no later than August 13, 2018 at 5:00 PM EST.

(Andrew Powell email dated August 9, 2018 attached hereto as Exhibit B) (Emphasis added).

Notwithstanding these clear directives, the Trustee submitted four separate submissions of proposed orders, all of which violated the Court's prior orders.  On August 13, Trustee's counsel Mitchell Willoughby provided the first submission to the Court and opposing counsel at 5:02 pm ("MW Submission").  Second, the Trustee himself made a submission at 5:10 pm ("BA Submission") in an ex parte communication with the Court.[4]  Third, the Trustee's counsel Marilyn Gartley made a submission at 5:23pm and requested that the Court "consider this draft,"

---

[2] Both parties requested extensions of time to file their proposed orders.  On July 3, 2018, in an email discussing the extension, the Trustee indicated, "we are diligently working to complete our work," suggesting that a draft was underway, yet the Trustee requested only an extension as to time for submission, not length of the proposed order.  (Email from Mitchell Willoughby dated July 3, 2018, attached hereto as Exhibit C.)  The Court granted the requests on July 3, 2018, but warned the parties that "[a]bsent extraordinary circumstances, no further requests for an extension will be granted."  ECF No. 1008.

[3] The Court responded directly to the Trustee's request, though MK Defendants did object to the Trustee's request.  (Smith Podris email dated August 9, 2018, attached hereto as Exhibit D.)

[4] MK Defendants were not aware of this *ex parte* communications with the Court until the Court referenced it during the August 14, 2018, hearing on an unrelated matter and requested this communication from Mr. Willoughby and the Trustee's office.  *Ex parte* contacts are prohibited by Bankruptcy Rule 9003, and the Court had instructed the parties to "serve their proposed orders on opposing counsel at the same time that the proposed orders are submitted to chambers."  (Powell email dated July 2, 2018, Exhibit D at 2.)

PPAB 4394312v1

noting a prior draft had been submitted inadvertently ("MG Submission").  During a hearing held on the morning of August 14, 2018, the Trustee's counsel addressed the multiple submissions and requested that the Court consider the MW Submission rather than the BA Submission.  But later that afternoon, at 4:21 pm, the Trustee's paralegal provided yet another version of the Trustee's proposed order, the purported Final Order, which was described as an updated version of the BA Submission, "altered to correct for spacing."  Each of the four submissions made by the Trustee exceeded the Court's proposed page limit, and the BA Submission, MG Submission, and Final Order were all provided beyond the Court's 5:00 pm deadline.

**Argument**

**I.    The Trustee Violated the Court's Orders with his Proposed Order Submissions**

The Trustee's proposed order submissions all fail to comply with the Court's instructions as to timing, format, and content.[5]  After the Court denied the Trustee's request of additional pages, the Trustee manipulated his document in attempt to lengthen his submission while still failing to adhere to the Court's 100-page limit.  MK Defendants are significantly prejudiced by the Trustee's flagrant violation.  MK Defendants will detail only the deficiencies of the Final Order as Counsel for the Trustee has represented that this is the version of the Trustee's proposed order to be considered by the Court, though MK Defendants note each submission suffers from similar deficiencies.

As submitted by the Trustee, the body of the Final Order ends at page 109.  In an apparent effort to keep the page number somewhat closer to 100, the Trustee reduced the font

---

[5] The Final Order was filed nearly a day after the deadline, and BA Submission was also filed after deadline.  Additionally, none of the Trustee's submissions include the required Order Cover Sheet for Adversary Cases.  MK Defendants acknowledge that these first two violations do not particularly prejudice MK Defendants, but rather demonstrate the Trustee's disregard for the Court's directives.

5

size to 11 and reduced the line spacing.  The pages beyond 100 include significant arguments relating to punitive damages, MK Defendants' counterclaims, and MK Defendants' affirmative defenses, including *in pari delicto* and statute of limitations.

The Trustee did not stop there, but rather went on to include 1,103 endnotes, many of which include substantive argument, effectively creating an appendix to his already excessive submission that further extended the Final Order to a total of 176 pages.  This appendix violates the Court's instructions, which were clear that citations to the record and exhibits should be included within the proposed order and therefore within the 100-page limitation.  The Court even acknowledged that the citations to the record may create the need for parties to seek relief from the 100-page limitation, noting "The Court will rely on the documents that you cite to it, and therefore, I recognize that will increase the length *of the order*."  Exhibit A, 121:25–122:8 (emphasis added).

Additionally, while the Court did not explicitly set formatting requirements, at trial, the Court indicated that the format of the proposed order should follow that of the Court's prior orders and lightheartedly cautioned against reducing the font size to "get more in."  Exhibit A, 122:10–123:15.  Notably, none of the Court's prior orders in this matter—or any other matter of which MK Defendants are aware—employs the use of reduced font or less than double spacing.  Likewise, this is the only example of a submission to the Court by the Trustee that does not employ the use of 12-point type or double spacing.  The Trustee's departure from what is customary in legal documents was a deliberate attempt to "get more in" and make it his submission appear closer to the 100-page limit.

Once the Final Order is re-formatted to include citations to the record within the body of the proposed order, as the Court intended, the Trustee's submission is 180 pages long.  If the

PPAB 4394312v1

document is further re-formatted to increase the font to 12-point type and to correct the line spacing it becomes an astounding **255** pages in length.[6]

## II.    The Trustee's Failure to Adhere to the Court's Order Continues a Pattern of Non-Compliance that has Plagued this Matter.

The Trustee's failure to comply with the Court's orders is not unexpected, given the Trustee's repeated, flagrant prior failures to adhere to the Court's directives. Indeed, the Trustee's conduct was subject to a December 2017 Order on Rule to Show Cause, in which the Court imposed sanctions against the Trustee for repeated failures to adhere to the Court-set pre-trial deadlines. While the Court at the time declined to grant MK Defendants' request for dismissal of the adversary proceeding or, in the alternative, exclusion of all of the Trustee's exhibits at trial, the Court did lay down a clear warning as to future conduct noting "if the Trustee continues in the future to fail to comply with the Court's orders, the Court will be left with little option but to consider such **case-determinative relief**." ECF No. 698 at 12–13 (emphasis added).

Notwithstanding the Court's admonishments and directives, the Trustee has continued his streak of late filings since the close of trial. For example, when MK Defendants filed their Response to Trustee's Motion to Enforce ESI Order on June 11, 2018, the Trustee requested until Wednesday, June 20 to file a reply. When the Court did not respond to the Trustee's request, the Trustee waited until 7:39 pm on his self-imposed deadline to request a _further_ extension to June 21, 2018. The Trustee finally filed his reply at 8:11pm on June 21, 2018, in violation of the Court's order that all submissions be filed no later than 5:00pm on the day of the

---

[6] To determine the length of a properly formatted document, MK Defendants used the "Convert Notes" function in Microsoft Word, converting all endnotes to footnotes, and re-formatted the body of the submission to 12-point font with double spacing. MK Defendants will provide a copy of the re-formatted document to chambers upon request.

7

deadline for submission.  ECF No. 651 at 2.[7]

Now the Court is presented with another instance of flagrant disregard for its orders. That the Trustee's incompliant submission comes just days after the Court denied a request for additional pages is telling.

MK Defendants take no pleasure in expending resources to request relief once again from the Court due to the Trustee's inability—or unwillingness—to follow the rules or respect the Court's orders.  However, in a case that has made such strong allegations and seeks such significant damages, MK Defendants cannot sit by and allow the Trustee misconduct to continue, particularly when it clearly prejudices MK Defendants in their defense.

**III.     MK Defendants are Prejudiced by the Trustee's Violation of the Court Order.**

MK Defendants were forced to pick and choose which arguments and exhibits to discuss within the Court's page limitations—which is what counsel should do when facing a page limitation.  By contrast, the Trustee's submission is effectively more than twice as long.  Even without adjustments to formatting, approximately one third of the Trustee's legal argument is contained in pages beyond the limitation.  It is well within the ordinary course of litigation to face restrictions in what parties may advance in civil proceedings; this Court has clear discretion to set page limitations and the parties must abide by those limitations.  The Trustee's decision to ignore the Courts orders and submit what he deemed was appropriate creates an imbalance that unfairly punishes MK Defendants simply for following the rules.  MK Defendants made strategic decisions as to the inclusion and exclusion to references of certain facts, case law, and testimony so that the proposed order would comply with the Court's directive.  MK Defendants should not

---

[7] In its November 8, 2017 Order on MK Defendants' Motion to Strike Trustee's Untimely and Incomplete Pretrial Order Submission, the Court set "the following rules and procedures, which are to be strictly adhered to by the Trustee unless otherwise ordered by the Court: a) all future weekday filings by the Trustee shall be made no later than 5:00 pm EST." ECF No. 651 at 2.

8

be disadvantaged for its compliance.

## IV.    The Trustee Must be Required to Abide by the Court's Prior Orders.

MK Defendants recognize that the Court is placed in an unusual and difficult situation in evaluating an appropriate remedy.  However, the situation created by the Trustee is patently unfair and thus serious measures should be imposed.  Certainly the Final Order should not be considered as is; that would only reward the Trustee for gaming the system and flouting the Court's orders.  On the other hand, the Trustee has by now had the opportunity to review MK Defendants' submission and has had further time to evaluate its own arguments.  Thus any opportunity for the Trustee to "cure" its error must not allow for revision that would effectively grant the Trustee additional time to respond to MK Defendants' submission and unfairly craft his own submission accordingly.

The continued, blatant violations of the Court's orders and instructions warrant stringent consequences, particularly in light of the Court's prior admonitions.[8]  Therefore, the Court should, as forewarned in its December 2017 Order, order "case-determinative relief" for continued "fail[ures] to comply with the Court's orders" and dismiss this case.  ECF No. 698 at 12–13.  If the Court is not inclined to do so, MK Defendants request that the Court not consider the Trustee's Final Order or, alternatively, not consider any citations or arguments made by the Trustee beyond those contained in the first 100 pages of what the Trustee has represented is its final version of his proposed order—once the endnotes have been converted to footnotes and the spacing and font reductions have been corrected.[9]

---

[8] It is well recognized that courts have inherent authority to address "disobedience to the orders of the Judiciary" and other conduct during the course of proceedings before the Court.  *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, (1991).

[9] As noted above, MK Defendants believe any opportunity for the Trustee to amend his brief further prejudice MK Defendants as the Trustee has had the opportunity to review their

9

MK Defendants additionally request that the Court impose a sanctions award or attorneys' fees incurred as a result of the conduct by the Trustee, including MK Defendants' fees incurred reviewing the four submissions and preparing this motion.

### CONCLUSION

The Trustee has continued to at best ignore—and at worst disregard—the Court's orders throughout the litigation of this matter.  The latest violation unfairly prejudices MK Defendants as the Trustee has submitted a proposed order nearly double in length to that of MK Defendants. Accordingly, MK Defendants respectfully request the Court grant the relief described herein and any other relief it deems appropriate.

[SIGNATURE APPEARS ON THE FOLLOWING PAGE]

---

submission and would craft his amended submission accordingly.  To the extent the Court wishes to consider a remedy other than what MK Defendants have proposed, MK Defendants ask the Court to order the Trustee to revise his submission through deletions only, reformat the body of the submission to be in 12-pint font and double-spaced, and resubmit a compliant proposed order within 2 days of the Court's order.

10

This 16th day of August, 2018.

Respectfully submitted,

**MORGAN KEEGAN & COMPANY, INC.**
By Its Attorneys,

s/ Robert C. Byrd

Robert C. Byrd (Fed. Id. #1643)
bobbybyrd@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, SC 29401
Phone: (843) 727-2650
Fax: (843) 727-2680

EVERSHEDS SUTHERLAND (U.S.) LLP
S. Lawrence Polk (admitted *pro hac vice*)
larrypolk@eversheds-sutherland.com
Olga Greenberg (admitted *pro hac vice*)
olgagreenberg@eversheds-sutherland.com
Yvonne Williams-Wass (admitted *pro hac vice*)
yvonnewass@eversheds-sutherland.com
999 Peachtree Street NE, Suite 2300
Atlanta, GA 30309
Phone: (404) 853-8000
Fax: (404) 853-8806

PPAB 4394312v1

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August, 2018, I caused the above and foregoing document to be served via United States Mail and e-mail on the following counsel of record:

Mitchell Willoughby
Elizabeth Zeck
R. Walker Humphrey, II
WILLOUGHBY & HOEFER, P.A.
PO Box 8416
Columbia, SC 29202
mwilloughby@willoughbyhoefer.com
ezeck@willoughbyhoefer.com
whumphrey@willoughbyhoefer.com

Robert F. Anderson
Marilyn E. Gartley
PO Box 76
Columbia, SC 29202-0076
firm@andersonlawfirm.net
marilyn@andersonlawfirm.net

s/Robert C. Byrd
Robert C. Byrd (Fed. Id. #1643)

12

PPAB 4394312v1