1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

In Re:                                ) Case No. 10-06335
                                      ) Chapter 7
INFINITY BUSINESS GROUP,          )
INC., et al.,                     )
                                      ) 1100 Laurel Street
            Debtors.              ) Columbia, South Carolina 29201
                                      )
**************************   )
ROBERT F. ANDERSON, AS            ) May 22, 2018
CHAPTER 7 TRUSTEE FOR             ) 9:00 a.m.
INFINITY BUSINESS GROUP,          )
INC.,                             ) Adv. Proc. 12-80208
                                      )
            Plaintiff,            )
                                      )
-against-                         )
                                      )
MORGAN KEEGAN & COMPANY,          )
INC., KEITH E. MEYERS, et         )
al.,                              )
                                      )
            Defendants.
**************************

TRIAL
BEFORE HONORABLE JOHN E. WAITES
UNITED STATES BANKRUPTCY COURT

TRANSCRIPTION SERVICE:                eScribers, LLC
                                      352 Seventh Avenue
                                      Suite #604
                                      New York, New York 10001
                                      (973) 406-2250
                                      operations@escribers.net

Proceedings recorded by electronic sound recording.
Transcript produced by transcription service.

2

APPEARANCES:

For Robert F. Anderson,      Willoughby & Hoefer, P.A.
as Chapter 7 Trustee:        BY: MITCHELL M. WILLOUGHBY, ESQ.
                                 R. WALKER HUMPHREY, III, ESQ.
                             930 Richland Street
                             Columbia, South Carolina 29201

                             Anderson & Associates, P.A.
                             BY: ROBERT FRANK ANDERSON, ESQ.
                                 MARILYN ELAINE GARTLEY, ESQ.
                             208 Candi Lane
                             Suite B
                             Columbia, South Carolina 29210

For Morgan Keegan &          Eversheds Sutherland (US) LLP
Company, Inc.:               BY: STEVEN LAWRECE POLK, ESQ.
                                 YVONNE M. WILLIAMS-WASS, ESQ.
                                 OLGA GREENBERG, ESQ.
                             999 Peachtree Drive N.E.
                             Suite 2300
                             Atlanta, Georgia 30309

                             Parker Poe
                             BY: ROBERT C. BYRD, ESQ.
                             200 Meeting Street
                             Suite 301
                             Charleston, South Carolina 29401

For Cordell L.L.C.:          Moore Taylor
                             BY: JAMES E. BRADLEY, ESQ.
                             1700 Sunset Boulevard
                             West Columbia, South Carolina 29169

For Haines H. Hargrett:      Woodward, Cothran & Herndon
                             BY: EDWARD M. WOODWARD, JR., ESQ.
                             218 East Main Street
                             Lexington, South Carolina 29072

Case 12-80208-jw   Doc 1020-1   Filed 08/16/18   Entered 08/16/18 16:46:40   Desc
Exhibit Exhibit A - Transcript Excerpt   Page 3 of 9

120

objection impliedly consent to the causes of action that that evidence might prove.  And the evidence that has been placed in this record clearly will demonstrate violations on both of those statutes, and we therefore would move to amend the complaint on that ground.

THE COURT:  Okay.  As to the motion to amend the complaint, the Court takes it under advisement.

I've indicated that as to your issues raised by clawback, there is an additional written motion that needs to be filed within 10 days in response within 10 days thereafter.

As to the motion for directed verdict on the counterclaim, the Court will consider that, may conclude the defendants are correct and it should be addressed in connection with the proposed order.

As to the affirmative defenses the Court concludes that it should be included in the proposed substantive order.

Other than that, there all will be -- the two motions that have been verbally expressed today will be under advisement.

Anything else?

MR. WILLOUGHBY:  Your Honor, you had asked us to bring to the Court your attention on the length of the --

THE COURT:  I got a list of key things to cover with you.

MR. WILLOUGHBY:  Okay.  You tell us, Your Honor.

121

THE COURT:  First of all, before you leave today, if there's anything that you owe Ms. Babb or anything that you think you committed to that you have not complied with yet, that's fine.  We just need to make sure she has that list so our record is not upset by the fact that there is something missing from the record.  And I don't know what those could be anymore, but if there are any, if you'll make sure she knows them soon.

We mentioned to you yesterday that we have exhibits in chambers, 24 boxes for the trustee, and I think four boxes were returned to Morgan Keegan today, and we returned those to you. On the record, there are extra copies.  We appreciate having them, but we no longer need them.  The copies we retain are suitable to the Court.

There was in the September pre-trial order that was -- I'm not even sure what year that was, but it was September of some year -- there was an order, and the parties agreed to provide copies of exhibits in electronic format to chambers, and we don't have those yet as I'm advised.  And so we would like you to do that.  If you're in a position to that soon, then do that.  Your communication point would be Mr. Powell. Andrew Powell will be your communication clerk for anything you have in connection with this trial, as I think has been.  Don't ignore from Ms. Naufil (ph.), but Mr. Powell will be the one.

In regards to the stipulation and the order of the

Court, it is the order of the Court that due to the extraordinary amount of exhibits and documents that have been produced to the Court for review and based upon an earlier trial stipulation of counsel, that for the Court to pay proper attention to any exhibits, they must be cited in the proposed order to the Court.  The Court will rely on the documents that you cite to it, and therefore, I recognize that that will increase the length of the order, but it's necessary in order to have benefit from your proposed orders.

The proposed orders that I'd like you to submit -- and you can view it as a post-trial brief -- I don't know -- but it the form of a proposed order.  And local counsel is familiar with the orders that we would have, and there are plenty available on the Court's opinions docket, but they do require formal findings of facts and conclusions of law.

You can, although in the final version of the order that I will not likely rely on your exhibit numbers and that sort of thing, that would be the place that you would place them in a proposed order, if you want the Court to say, here's a finding that's based upon this exhibit, you can put it in brackets or in some other fashion relative to that, and we'll observe it that way.  It won't be in my final order, I don't imagine.

Any proposed orders should be submitted in Word to chambers directly, not submitted to the docket.  I'd like you

Case 12-80208-jw   Doc 1020-1   Filed 08/16/18   Entered 08/16/18 16:46:40   Desc
Exhibit Exhibit A - Transcript Excerpt   Page 6 of 9

123

to submit to chambers directly to Mr. Powell.

I'd like you, in particular, and this is my request -- I hope you can comply with it -- that in your preparation of the order, I'd like you to view cause of action that remains before the Court and deal with the evidence and your recommended conclusions in light of the elements of each cause of action.  They'll provide for me a very orderly fashion by which I could determine of each element was met or not met as the case may be.

Mr. Powell will communicate with you about the preferred font and length and all that.  And that's only, we found necessary occasionally because sometimes lawyers will make it so small, the print, they get more in and then I can't read it, and so he'll convey to you those requirements by letter because they're too specific for me to mention.

Normally, the two other matters that we need to deal with and that's the length of the proposal where I would like to put an outside length on it so we don't get hundreds and hundreds of pages.  I did leave that open for your comment here today because I recognize that this is an unusual case and you have an unusual burden in terms of formatting, really basically expressing all your arguments in this four-week trial in one proposed orders.  So I'll hear you on proposed length and then on the time that it's due.

I always start, and in even complicated matters with

124

when an order is due with 30 days after the conclusion of whatever is necessary, and I only say that as a starting point because that's how long my memory lasts, 30 days.  So if you -- if you -- and I'm proof of that.  But that doesn't really mean that it would be -- you know, we can't go back to it, but I'm fresher within that period of time.  This may take longer, and so I'm looking for your suggestions on that day before we adjourn.

So length of order and when it might be due in terms of number of days.  Anyone want to comment on that, either way?

MR. POLK:  Your Honor, for the defendants, first of all, in terms of when it's due, obviously we have to have the transcript, and I think it's going to take a while to prepare the transcript.  What we would like to have is that the triggering date for starting.

THE COURT:  And I don't disagree with that, but I think the problem is, I've had a couple cases in my career like this, and it ended up six months after the trial, and I can't remember you by then, frankly.  So I'd like it tied to a period of time, and then if you run into trouble with the transcript or something like that, then you tell me, and we'll extend the time.  Okay.  But I agree with your point.  You need the transcript.  There's no question needed, and you need it expedited as fast as you can get it

MR. POLK:  Yes.

125

THE COURT:  But it's a lot of record here.  So I understand it will take some time.

MR. POLK:  So our request would be 45 days after we get the final transcript, and we will ask that it be expedited.

THE COURT:  Okay.

MR. WILLOUGHBY:  The 45-day period is fine with us, Your Honor.  We're thinking that -- I'm with you.  I've seen periods of time where -- so the transcript should be available, certainly within less than 30 days.  So --

THE COURT:  Okay.  So let's say for the record, 60 days from today, but then understanding that you're going to communicate me about the transcript.

MR. WILLOUGHBY:  That's fair enough, Your Honor.

THE COURT:  Anyway, there's no drop-dead -- there's no -- let me put it this way, there's no intention to put you under extreme constraints or pressure about this.  I want -- by doing a very thorough and quality job, it helps the Court immensely, as you might agree with.  And so the only thing I just want to know is some expectation of when I'll have it.  We can do some amount of work, and we will, right away, but it serves not as much use if I don't have your expressions of how you view your case.  So we'll say 60 days.

And as to length, to me 100 pages is a lot of pages, but I don't know what you think.

MR. POLK:  We would suggest 50 pages, Your Honor.  We

126

think that's more than sufficient.

MR. WILLOUGHBY:  Your Honor, we think we're going to need more than 50 pages.  Obviously, we have the burden of proof.

THE COURT:  I agree.

MR. WILLOUGHBY:  So we don't think we need to exceed 100 pages.  We might be able to do it with 80.

THE COURT:  Okay.

MR. WILLOUGHBY:  But if Your Honor is comfortable with 100, we will certainly make it within 100 pages.

THE COURT:  Okay.  That's what we'll say for today.

MR. POLK:  I'm not sure.  Is it 80 or 100?

THE COURT:  100 pages.

MR. POLK:  100, okay.

THE COURT:  Don't use them, if you don't need them.

(Laughter)

MR. WILLOUGHBY:  We want to see if Mr. Polk is literally able to express himself in 50 pages.  We'll see if he sticks to that, Your Honor.

MR. POLK:  We use a very small font.

(Laughter)

THE COURT:  That way, if I can't read it, I just flip a coin.  So that's perfect.

Let's see.  That's the things I needed to cover, I think, in terms of just structure.  So we expect you to